UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


ALAN LEE CHURCH                        )
                                       )
            Petitioner,                )
                                       )
v.                                     )        3:04-cv-335
                                       )        3:03-cr-048
                                       )        *Phillips*
                                       )
UNITED STATES OF AMERICA               )
                                       )
            Respondent.                )


## MEMORANDUM OPINION


This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

filed by petitioner Alan Lee Church ("Church").  Church's first and second motions to amend

the § 2255 motion [Court File Nos. 5 & 7, respectively] will be **GRANTED**.  For the

following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.


I.  Standard of Review


This court must vacate and set aside Church's conviction upon a finding that "there

has been such a denial or infringement of the constitutional rights of the prisoner as to render

the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Church "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Church is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Church pleaded guilty to an information charging him with two counts of robbery of a bank or credit union, in violation of 18 U.S.C. § 2113(a). As part of his plea agreement, Church stipulated in writing to the following factual basis:

> On February 28, 2003, the defendant approached a teller at the Y-12 Federal Credit Union, 501 Lafayette Drive, Oak Ridge, Tennessee, and handed her a note that said "Please give me all the money. No dye packs, no alarms." After the teller placed $10 bills in an envelope provided by the defendant, the defendant told the teller to "give me all the 100's, 50's, and 20's," which she proceeded to do. In all, the teller gave the defendant approximately $12,658.00 from her teller drawer in response to his demand. At the time, the

deposits of the Y-12 Federal Credit Union were insured by the National Credit Union Administration Board.

On February 25, 2003, the defendant approached a teller at the AmSouth Bank, 101 N. Rutgers Avenue, Oak Ridge, Tennessee, and handed her a note that said "PUT ALL THE MONEY IN AN ENVELOPE."  In response to the note handed to her by the defendant, the teller gave the defendant approximately $1,833.00 from her teller drawer.  At the time, the deposits of the AmSouth Bank were insured by the Federal Deposit Insurance Corporation.

[Criminal Action No. 3:03-cr-48, Court File No. 5, Factual Basis, pp. 1-2, ¶¶ 1 & 2, respectively].

Church was sentenced as a career offender to concurrent terms of imprisonment of 151 months on each conviction.  He was found to be a career offender, within the meaning of U.S.S.G. § 4B1.1(a), because his offense involved robbery and he had two prior robbery convictions.  Thus, his base offense level was 32.  *Id*. § 4B1.1(b).  After a three-level adjustment for acceptance of responsibility, Church's total offense level was 29, and his criminal history category was VI, as required by the guidelines.  *Id*.  Based upon that, Church's guideline sentence range was calculated to be 151 to 188 months.  He was sentenced at the lowest end of his guideline range.

In support of his original § 2255 motion to vacate sentence, Church alleges the following grounds for relief:  (1)  he received ineffective assistance of counsel prior to trial and at sentencing; (2) the government failed to show jurisdiction in the information warrant; and (3) the government violated his Sixth Amendment rights by double counting his prior criminal history for career offender purposes.  In an amendment to the § 2255 motion,

Church alleges as an additional ground for relief his claim that the court lacked jurisdiction to enhance his sentence based upon misdemeanor convictions. In a second amendment, Church expands on his claim that his prior criminal convictions should have been treated as one sentence for the purpose of calculating his criminal history and thus he was not a career offender.

III.    Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Church must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's

conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Church alleges his attorney failed to investigate the information warrant used to charge him. According to Church, as discussed in section *B., infra*, with respect to Church's second ground for relief, the warrant failed to establish that the institutions he robbed were insured by the Federal Deposit Insurance Corporation. In a related argument, Church alleges his attorney failed to object to his sentence enhancement for taking money from a federal facility, since he claims there was no proof that the institutions were federal entities. Church relies on *Blakely v. Washington*, 542 U.S. 296 (2004), for the proposition that the facts supporting his enhanced sentence should have been determined by a jury. Church also claims that his attorney failed to object his status as a career offender; Church's allegation with respect to the calculation of his criminal history is discussed in section *C., infra*.

As noted in section *B., infra*, the government properly proved jurisdiction in Church's criminal case. Accordingly, his attorney did not render ineffective assistance of counsel by failing to challenge jurisdiction. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel). Likewise, counsel's failure to object to the

sentence enhancement for taking money from a federal facility was not ineffective assistance of counsel.

The court has also found that the calculation of Church's criminal history was correct and he was properly sentenced as a career offender. *See* section *C., infra*. Accordingly, counsel was not ineffective in failing to object to Church's status as a career offender. With respect to Church's contention that counsel should have raised a *Blakely* claim, *Blakely* was decided after Church's conviction and counsel's failure to pursue such a claim did not constitute ineffective assistance of counsel. *See Brunson v. Higgins*, 708 F.2d 1353,1356 (8th Cir.1983) ("The failure to anticipate a change in the law will not generally constitute ineffective assistance of counsel.") (citations omitted).

Based upon the foregoing, Church has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

### *B. Lack of Jurisdiction*

Church alleges that the government failed to show in the warrant supporting the information that the institutions he robbed were insured by the Federal Deposit Insurance Corporation. The information to which Church pleaded guilty charged him with robbing the Y-12 Federal Credit Union in Oak Ridge, Tennessee, and the AmSouth Bank in Oak Ridge, Tennessee; the information stated that the credit union's deposits were insured by the National Credit Union Administration Board and that the bank's deposits were insured by the

Federal Deposit Insurance Corporation. [Criminal Action No. 3:03-cr-48, Court File No. 1, Information, pp. 1-2, Counts 1 and 2, respectively].

In his plea agreement, Church agreed that the deposits of the credit union were insured by the National Credit Union Administration Board and that the deposits of the bank were insured by the Federal Deposit Insurance Corporation. [*Id*., Court File No. 4, Plea Agreement, p. 1]. Likewise, Church stipulated to these facts in the factual basis supporting his plea agreement. [*Id*., Court File No. 5, Factual Basis, pp. 1-2, ¶¶ 1& 2].

All of the jurisdictional elements of Church's offenses were properly charged and agreed upon by Church. Accordingly, the government demonstrated jurisdiction in this case and Church's claim of a lack of jurisdiction lacks merit.

### C. Double Counting / Career Offender

Church alleges that the government double counted his prior criminal history in order to increase his criminal history category for the purpose of enhancing his sentence. According to Church, his two prior convictions were the result of one arrest and were tried at the same time, and thus should have been considered related and consolidated for sentencing.

Church had two prior robbery convictions. He was charged with one count of aggravated robbery for an incident that occurred on April 16, 1999, in Anderson County, Tennessee (docket number 99CR194B), and he was charged with two counts of aggravated

robbery and three counts of aggravated assault for an incident that occurred on April 28,

1999, in Anderson County, Tennessee (docket number 99CR196B). He was arrested on both

charges on April 30, 1999. As part of a plea agreement, he pleaded guilty to one count of

robbery on each charge and, on September 10, 1999, was sentenced to concurrent terms of

imprisonment of three years. [Criminal Action No. 3:03-cr-48, Presentence Investigation

Report, pp. 10-11, ¶¶ 54 & 55].

> For purposes of the sentencing guidelines, a career offender is defined as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years
> old at the time the defendant committed the instant offense of conviction; (2)
> the instant offense of conviction is a felony that is either a crime of violence
> or a controlled substance offense; and (3) the defendant has at least two prior
> felony convictions of either a crime of violence or a controlled substance
> offense.

U.S.S.G. §4B1.1(a). As the Sixth Circuit has noted,

> Prior convictions imposed in related cases are to be treated as one conviction
> for purposes of determining whether a defendant is a career offender. Cases are
> related if they: (1) occurred on a single occasion, (2) were part of a single
> common plan or scheme, or (3) were consolidated for sentencing.

*United States v. Coleman*, 964 F.2d 564, 566 (6th Cir. 1992) (citations omitted). Cases are

not considered related, however, if they were "treated separately and distinctly" as evidenced

by, for example, the use of separate criminal complaints, separate indictments, or separate

case numbers, and there "was no order by the trial court expressly or implicitly consolidating

the cases for sentencing." *Id.*

In Church's case, his prior offenses occurred on separate dates and were not part of

a single common plan or scheme, his charges were brought under separate docket numbers,

8

and the court is not aware of any order of consolidation. The fact that Church received concurrent sentences on the same date as part of a plea agreement "[does] not suggest that the cases were consolidated for sentencing." *Id*. at 567. *See also United States v. Carter*, 283 F3d.755, 758 (6th Cir. 2002) ("The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that the offenses were consolidated."). Accordingly, Church was properly sentenced as a career offender.

Church also claims that he was not given timely notice, pursuant to 21 U.S.C. § 851, that his sentence would be enhanced based upon prior convictions and thus the court lacked jurisdiction to enhance his sentence. Church's sentence, however, was enhanced under the sentencing guidelines and thus the government was not required to file an information pursuant to 21 U.S.C. § 851. *See United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993) ("the requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines").

He further claims that, under *Blakely v. Washington*, 542 U.S. 296 (2004), his enhancement should have been determined by a jury. There is no reason to apply *Blakely* retroactively to a § 2255 motion such as Church's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted). In addition, any claim Church may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005). Accordingly, neither *Blakely* nor *Booker* afford Church any relief.

### D. Misdemeanor Convictions / Criminal History

Church alleges that the court lacked jurisdiction to enhance his sentence based upon misdemeanor convictions for which he did not serve a sentence. Church had a total of 16 criminal history points and his criminal history category was VI. A category of VI is also required for a defendant determined to be a career offender. U.S.S.G. § 4B1.1(b). Church's base offense level was likewise mandated by the sentencing guidelines. *Id*. Thus any alleged errors in the guideline calculations did not affect his sentence. His claim in this regard lacks merit.

IV.    Conclusion

Church is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Church leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Church having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                    s/ Thomas W. Phillips
                    United States District Judge